# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DUSTIN KNIGHT, ET AL., | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-352 |
| | § | Judge Mazzant |
| U.S. ARMY CORPS OF ENGINEERS, ET AL. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Complete the Administrative Record (Dkt. #17), which, after careful consideration, will be denied.

## BACKGROUND

In early 2018, Defendants United States Army Corps of Engineers (the "Corps") and Col. Christopher A. Hussin issued a permit to the North Texas Municipal Water District ("North Texas Municipal") to construct the Lower Bois d'Arc Creek Reservoir (the "Reservoir"). Plaintiffs, who reside near the proposed site for the Reservoir, challenge the decision to issue the permit, citing the "significant degradation of waters" the Reservoir would cause, the lack of a plan to offset or mitigate these adverse consequences, and a failure to conduct an analysis that would ensure that the "least environmentally damaging practicable alternative was selected." (Dkt. #1 at p. 19). Plaintiffs brings claims under the Administrative Procedures Act (the "APA") on this basis, prompting Defendants to compile an administrative record that will inform the Court's review of these claims (the "Adminstrative Record"). Plaintiffs now move to add certain documents to the Administrative Record.

## LEGAL STANDARDS

Judicial review of an APA claim is generally limited to the administrative record—that is, "all documents and materials directly or indirectly considered by agency decision-makers and

includes evidence contrary to the agency's position." *Exxon Corp. v. Dept. of Energy*, 91 F.R.D. 26, 33 (N.D. Tex. 1981) (Higginbotham, J.) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487–88 (1951)). "Where an agency has presented a certified copy of the complete administrative record, 'the court assumes the agency properly designated the Administrative Record absent clear evidence to the contrary.'" *City of Dallas, Tex. v. Hall*, No. 3:07-cv-60, 2007 WL 3257188, at *8 (N.D. Tex. Oct. 29, 2007) (citing *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993)). "Despite this assumption, . . . a party is allowed to conduct discovery and/or complete or supplement the record where it demonstrates there is a reasonable basis to believe that materials considered by agency decisionmakers are not in the record." *Id.* A party seeking to "complete the record" must therefore provide "reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record." *Id.*

A party seeking to *supplement* the Administrative Record with documents the agency *did not* consider must satisfy a higher standard. More specifically, the moving party must demonstrate that there are "unusual circumstances" that require supplementation of the Administrative Record, such as where:

(1) the agency deliberately or negligently excluded documents that may have been adverse to its decision;

(2) the district court needed to supplement the record with "background information" in order to determine whether the agency considered all of the relevant factors, or;

(3) the agency failed to explain administrative action so as to frustrate judicial review.

*Medina Cty. Envt'l Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (citing *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)).

# DISCUSSION

Plaintiffs insist that the following documents should be added to the Administrative Record: (1) the Texas Water Development Board 2016 Region C Water Plan (the "Region C Water Plan"); (2) five documents discussed and cited in public comments; and (3) a privilege log. The Court disagrees.

## I. The Region C Water Plan

Plaintiffs seek to add a particular iteration of a regional water plan to the Administrative Record. But Defendants have added this document to the Administrative Record since this motion was filed, rendering Plaintiff's request moot.

## II. Documents Discussed and Cited in Public Comments

Plaintiffs also seek to add five documents cited and discussed in public comment letters concerning the Reservoir to the Administrative Record, noting that federal regulations require Defendants to "assess and consider" any public comments. *See* 40 C.F.R. §§ 1503.1, 1503.4(a). According to Plaintiffs, this means that Defendants at least indirectly considered any documents cited and discussed in any public comment letters they received. *See Exxon*, 91 F.R.D. at 26 (explaining that the administrative record is comprised of "documents and materials directly or indirectly considered by agency decision-makers").

The Court disagrees. The Parties have not cited cases in this circuit addressing whether an agency has indirectly considered a document referenced and discussed in a public comment letter; nor has the Court found any. But courts in other circuits are skeptical that an agency has "considered" a document under similar circumstances. *See, e.g., Gupta v. United States Attorney General*, No. 6:13-cv-1027-Orl-40KRS, 2015 WL 13788645, at *1 (M.D. Fla. May 5, 2015). These courts reason that, "'merely arguing 'consideration through citation' will not suffice because

that 'argument stretches the chain of indirect causation to its breaking point' and . . . fails to give appropriate deference to the agency's designation of the record.'" *Georgia River Network v. United States Army Corps of Engineers*, No. 4:10-cv-267, 2012 WL 930325, at *5 (S.D. Ga. March 19, 2012) (*Center for Native Ecosystems v. Salazar*, 711 F.Supp.2d 1267, 1277 (D. Colo. 2010)). After all, if an agency was required to include every source cited or discussed in the primary documents it considered, it would have to conduct an endless search merely to compile the administrative record. Accordingly, courts will find that an agency has constructively considered a cited source not actually before an agency decision maker under narrow circumstances—such as where "a certain study cited in a subordinate's recommendation is shown by clear evidence to have been heavily relied upon in the agency's final decision." *Center for Native Ecosystems*, 711 F.Supp.2d at 1277.

Plaintiffs provide little evidence allowing the Court to find that the agency constructively considered the documents—separate and apart from their mere citation in public comment letters that are already part of the Administrative Record. Plaintiffs, instead, appear to rely on the fact that the documents were cited *and discussed* in the public comment letters. But, even assuming this distinction is significant, Plaintiff has not explained or provided evidence indicating that these documents were discussed in any meaningful way. In fact, the opposite appears to be true. As *Plaintiffs* acknowledge, the Administrative Record includes documents that were *attached* to public comment letters received. The fact that there are attachments, at all, suggests that documents merely cited or discussed were likely not important to the comment letters and appropriately excluded. The Court cannot find that Defendants directly or indirectly considered the documents under these circumstances.

4

The question, then, is whether Plaintiffs can *supplement* the administrative record with these extra-record documents. Plaintiffs contend that supplementation is warranted "to aid the court in understanding the complex issues before it." (Dkt. #17 at p. 9). This argument is just as unsuccessful. A party's ability to supplement the Administrative Record is limited to "'unusual circumstances justifying a departure' from the general presumption that review is limited to the record compiled by the agency." *Medina Cty.*, 602 F.3d at 706 (quoting *Am. Wildlands*, 530 F.3d at 1002). Although supplementation may be warranted to aide in the Court's comprehension in some cases, the plaintiff must establish why supplementation is specifically needed in the case at issue. This can be established, for instance, on a showing that the record lacks either necessary information to evaluate the claims or documents that are adverse to the Agency's decision. *See id.* (citing *Am. Wildlands*, 530 F.3d at 1002).

Plaintiffs have made no showing as to why supplementation is specifically needed here. Rather than explaining why the Administrative Record is deficient, Plaintiffs provide short explanations on how these documents may be "relevant" to their claims (*see* Dkt. #17 at pp. 8–9). The Court cannot find that the Administrative Record needs supplementation simply because it does not contain every conceivable document that might be relevant. *See Gupta*, 2015 WL 13788645, at *1 (quoting *Pac. Shores Subdivision Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F.Supp.2d 1, 7 (D.D.C. 2006)) ("The administrative record is not, however, composed of 'every potentially relevant document existing within [the] agency.'"). This is especially true since, as Plaintiffs acknowledge, the record *includes* the public comment letters that cite and discuss the documents at issue. *See Laub v. Norton*, No. CV-F-00-6601 OWW SMS, 2005 WL 5994138, at *4 (E.D. Cal. 2005) ("Plaintiffs['] . . . concerns about indirect impacts were raised during the public comment period. Therefore, the 'serious environmental consequence' at issue in this case *is*

5

*already part of the administrative record.* In light of this fact, Plaintiffs have failed to explain why it is necessary to supplement the administrative record at all.") (emphasis in original). In short, Plaintiffs have failed to show that "unusual circumstances" exist to justify supplementation. *See Medina Cty.*, 602 F.3d at 706 (quoting *Am. Wildlands*, 530 F.3d at 1002).

### III. Privilege Log

The only question, then, is whether Defendants must provide Plaintiffs with a privilege log to accompany the Administrative Record. In their motion, Plaintiffs cite correspondence indicating that Defendants withheld certain documents on privilege grounds. But Defendants have since submitted a sworn statement explaining that:

> Documents that were partially redacted or withheld in their entirety are included in the administrative record and identified. A brief explanation of the basis for redacting or withholding is annotated in the Remarks column. USACE Tulsa did not withhold any documents from the administrative record on the basis of the deliberative process privilege.

(Dkt. #17, Exhibit 1 at p. 3). Plaintiffs' request for a privilege log is therefore moot.[1]

### CONCLUSION

Plaintiffs' Motion to Complete the Administrative Record (Dkt. #17) is **DENIED** for these reasons.

**IT IS SO ORDERED.**

**SIGNED this 29th day of July, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] If Plaintiffs question the adequacy of Defendants' explanations, Plaintiff may raise that challenge separately.